IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

PULSEDATA, INC.

    Plaintiff,

v.

JUNG HOON SON,

    Defendant.
_____/

C.A. No.  23 Civ. 3653

**JURY TRIAL DEMANDED**

## **ANSWER TO COMPLAINT**

Defendant Jung Hoon Son, for his answer, states as follows.

### **NATURE OF THE CASE**

1. Admitted.

2. Admitted.

3. Defendant denies that he was acting as a "double agent" which is vague and ambiguous. Otherwise, admitted.

4. Defendant is without sufficient information to admit or deny these allegations and therefore denies them.

5. Admitted.

### **PARTIES**

6. Admitted.

7. Admitted.

### **JURISDICTION AND VENUE**

8. Admitted.

70731622;2

9. Admitted.

## STATEMENT OF THE FACTS

**PULSEDATA IS A HEALTHCARE DATA SCIENCE STARTUP WHOSE VALUE IS BASED ON ITS PROPRIETARY INTELLECTUAL PROPERTY RELATED TO ITS NOVEL ALGORITHMS AND DATA INTELLIGENCE PLATFORM**

10. Defendant is without sufficient information to admit or deny these allegations and therefore denies them.

11. Defendant is without sufficient information to admit or deny these allegations and therefore denies them.

**PULSEDATA HIRES DR. JUNG AND HE SIGNS A NON-DISCLOSURE AND INVENTION ASSIGNMENT AGREEMENT**

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

**UNBEKNOWNST TO PULSEDATA,
DR. JUNG BEGINS MOONLIGHTING FOR SMARTERDX AND MISAPPROPRIATING CONFIDENTIAL AND SENSITIVE PULSEDATA INFORMATION**

20. Admitted.

21. Admitted.

22. Defendant is without sufficient information to know what PulseData observed and therefore denies this allegation. Otherwise, admitted.

23. Denied.

24. Defendant is without sufficient information to admit or deny these allegations and therefore denies them.

25. Denied.

26. Defendant is without sufficient information to admit or deny these allegations and therefore denies them.

27. Denied.

**WHEN CONFRONTED, DR. JUNG IS NOT FORTHCOMING**

28. Defendant is without sufficient information to admit or deny these allegations and therefore denies them.

29. Admitted.

30. Admitted.

31. Defendant is without sufficient information to admit or deny these allegations and therefore denies them.

32. Admitted.

33. Defendant is without sufficient information to admit or deny these allegations and therefore denies them.

34. Admitted.

35. Defendant is without sufficient information to admit or deny these allegations and therefore denies them.

36. Defendant is without sufficient information to admit or deny these allegations and therefore denies them.

37. Denied.

70731622;2

38. Admitted.

39. Admitted.

40. Denied.

### PULSEDATA HAS BEEN, AND WILL BE, SEVERELY HARMED BY DR. JUNG'S MISAPPROPRIATION OF PULSEDATA'S CONFIDENTIAL TRADE SECRET INFORMATION

41. Denied.

42. Denied.

43. Defendant is without sufficient information to admit or deny these allegations and therefore denies them.

44. Denied.

45. Denied.

46. Defendant is without sufficient information to admit or deny these allegations and therefore denies them.

47. Defendant is without sufficient information to admit or deny these allegations and therefore denies them.

### PULSEDATA TAKES DILIGENT STEPS TO PROTECT THE TRADE SECRETS DR. JUNG MISAPPROPRIATED

48. Defendant is without sufficient information to admit or deny these allegations and therefore denies them.

49. Defendant is without sufficient information to admit or deny these allegations and therefore denies them.

50. Defendant is without sufficient information to admit or deny these allegations and therefore denies them.

## Count I

### Breach by Dr. Jung of the Non-Disclosure Agreement

51. Defendant repeats his responses to the previous allegations.

52. Admitted.

53. Defendant is without sufficient information to admit or deny these allegations and therefore denies them.

54. Denied.

55. Denied.

## Count II

### Violation of the Defend Trade Secrets Act of 2016 (18 U.S.C. § 1836)

56. Defendant repeats his responses to the previous allegations.

57. Defendant is without sufficient information to admit or deny these allegations and therefore denies them.

58. Defendant is without sufficient information to admit or deny these allegations and therefore denies them.

59. Defendant is without sufficient information to admit or deny these allegations and therefore denies them.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

70731622;2

## Count III

### Misappropriation of Trade Secrets – Violations Under New York Common Law

66. Defendant repeats his responses to the previous allegations.

67. Defendant is without sufficient information to admit or deny these allegations and therefore denies them.

68. Defendant is without sufficient information to admit or deny these allegations and therefore denies them.

69. Defendant is without sufficient information to admit or deny these allegations and therefore denies them.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

## PRAYER FOR RELIEF

This requires no answer, but in any case Plaintiff is entitled to no relief whatsoever, whether it be monetary damages, attorneys' fees, or costs.

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. Some or all of Plaintiff's claims are barred because Plaintiff has failed to exhaust remedies for some or all of the allegations stated in the Complaint.

70731622;2

3. Plaintiff's claims are barred or limited, in whole or in part, by Plaintiff's failure to mitigate its damages.

4. Plaintiff has no trade secrets.

5. Plaintiff failed to take adequate steps to maintain its trade secrets confidential.

6. Plaintiff is not entitled to punitive damages.

7. Defendant reserves the right to assert any and all other affirmative defenses that may become known.

Wherefore Defendant respectfully requests that the Complaint be dismissed in its entirety with Plaintiff recovering nothing, and that Defendant be awarded his fees and costs and expenses in this matter to the extent permitted by law, and that this Court provide Defendant with such other and further relief as appropriate.

*/s/ Benjamin R. Joelson*
Akerman LLP
1251 Avenue of the Americas
36th FL
New York, NY 10020
Telephone:  (212) 880-3800
benjamin.joelson@akerman.com


Thomas G. Pasternak (*Pro Hac Vice Pending*)
Akerman LLP
71 South Wacker Drive
46th FL
Chicago, IL 60606
Telephone:  (312) 634-5700
thomas.pasternak@akerman.com

Attorneys for Defendant
Jung Hoon Son