# EXHIBIT D



Hai Po Sun <haipo@pulsedata.io>

---

# FW: Pulse/Smarter - Cease and Desist Trade Secret Misappropriation

**Steven.Pacini@lw.com** <Steven.Pacini@lw.com>     Thu, Nov 17, 2022 at 9:04 AM
To: haipo@pulsedata.ai, sheri@pulsedata.io
Cc: Sandra.Benjamin@lw.com, Daniel.Sack@lw.com, Sam.Barrows@lw.com

See attached.  I have not yet reviewed this.  I will be in court later this morning for a hearing, but I can speak this afternoon and I can be available if there are any urgent issues.

Thanks,

Steve


**Steven J. Pacini**


**LATHAM & WATKINS LLP**

200 Clarendon Street | Boston, MA 02116

D: +1.617.880.4516


**From:** Jung Hoon Son <junghoonson@protonmail.com>
**Sent:** Thursday, November 17, 2022 2:47 AM
**To:** Pacini, Steven (BN) <Steven.Pacini@lw.com>
**Cc:** Benjamin, Sandra (NY) <Sandra.Benjamin@lw.com>; Sack, Daniel (BN) <Daniel.Sack@lw.com>; Barrows, Sam (BN) <Sam.Barrows@lw.com>
**Subject:** Re: Pulse/Smarter - Cease and Desist Trade Secret Misappropriation


Here is a detailed documentation as requested.


Let me know if you need more information.


-Jung


------- Original Message -------
On Wednesday, November 16th, 2022 at 11:01 PM, Jung Hoon Son <junghoonson@protonmail.com> wrote:

> Understood. Will comply fully.
>
> -Jung

**Jung Hoon Son, M.D.**

Director of Informatics @ pulseData

Sent from Proton Mail mobile

-------- Original Message --------
On Nov 16, 2022, 10:52 PM, < Steven.Pacini@lw.com> wrote:

Dear Dr. Jung:

Please see the attached letter, which requires your urgent attention.

Latham & Watkins LLP is litigation and intellectual property counsel to pulseData, Inc., ("pulseData" or the "Company"). We are contacting you regarding a serious matter that is of significant concern to our client.

### YOU MUST CEASE AND DESIST FROM SHARING CONFIDENTIAL PULSEDATA INFORMATION

pulseData recently became aware that you have shared sensitive and confidential pulseData intellectual property with its competitor, SmarterDx Inc. ("SmarterDx"). After joining SmarterDx's Slack server on October 23, 2022, you uploaded confidential information, including proprietary computer code and details of pulseData's Care Summary and BodyMap products, to SmarterDx's Slack channels on or around October 26, 2022. This information is highly confidential and includes proprietary trade secrets and intellectual property owned by pulseData.

Accordingly, you have misappropriated pulseData's trade secrets and violated the Federal Defend Trade Secrets Act ("DTSA"), which bars "[a]ctual or threatened misappropriation" of any "trade secret." 18 U.S.C. § 1836(3). You have also violated New York's trade secret law, which bars any use or disclosure of a trade secret "in breach of an agreement, confidential relationship or duty," including a breach of an employment agreement. *N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 43–44, 47–48 (2d Cir. 1999).

**You must immediately cease and desist from using, sharing, reviewing, disclosing, copying, or transferring pulseData's information in any way. You must also immediately return all pulseData information and trade secrets in your possession.** If you refuse to do so, pulseData will act to the full extent of the law to protect its intellectual property and trade secrets and its business from unfair competition, including by seeking a temporary restraining order preventing you from using or sharing this information, litigation under the Defend Trade Secrets Act and/or state trade secret law(s), and any other legal or equitable remedy available in a court of competent jurisdiction.

**YOU ARE IN VIOLATION OF YOUR NON-DISCLOSURE AGREEMENT AND SEPARATION AGREEMENT, IN ADDITION TO STATE AND FEDERAL LAW**

In addition to the DTSA and New York law, your current actions violate the Employee Non-Disclosure and Invention Assignment Agreement you signed on July 5, 2017 (the "Non-Disclosure Agreement") and the Separation Agreement you signed on October 27, 2022, which explicitly includes an agreement to continue to comply with your obligations under the Non-Disclosure Agreement.[1] You executed the Non-Disclosure Agreement in consideration for your employment with pulseData and it remains legally binding. The Non-Disclosure Agreement states that any information regarding pulseData's "actual or anticipated business or research and development, technical data, trade secrets or know-how," including "information regarding [pulseData]'s products or services" is "Confidential Information." You agreed not to use, except for the benefit of pulseData, any of pulseData's Confidential Information, or to disclose it to any person, firm or corporation except as authorized by pulseData's management, and even then only pursuant to a written non-disclosure agreement.

The Non-Disclosure Agreement, by its own terms, remains binding both during the term of your employment and thereafter, obligations that were reaffirmed when you signed the Separation Agreement. As you know, your disclosure of pulseData's confidential information via Slack postings on or around October 26, 2022 was not authorized by pulseData. pulseData has not provided, and will not provide, any authorization for you to share the Confidential Information with anyone. These obligations that you agreed to, and which were necessary conditions of your employment with pulseData, are essential to protecting the Company's Proprietary Information. Indeed, the Non-Disclosure Agreement states explicitly that it would be impossible or inadequate to measure and calculate pulseData's damage from the unauthorized disclosure of its confidential information, making specific performance and other injunctive relief appropriate.

Your actions are in brazen disregard of your duties to pulseData and direct violation of your Non-Disclosure Agreement and the Separation Agreement.

**YOU MUST ASSIST PULSEDATA IN REMEDIATING YOUR BREACH OF THE NON-DISCLOSURE AGREEMENT**

pulseData takes the possibility of misappropriation of its trade secrets and unlawful competition very seriously. To avoid this matter escalating to litigation, you must provide complete and total cooperation in remediating this matter. To that end, by close of business tomorrow, November 17, 2022, you must:

- Confirm in writing that you have returned all pulseData proprietary, confidential, and/or trade secret information in your possession and that you have ceased and desisted from using or sharing it in any way, including that you have removed all pulseData information from any system or database to which SmarterDX employees and engineers may have access.

- Provide a detailed, written account of what pulseData Confidential Information, you accessed and/or downloaded—

other than for the purposes of your employment at pulseData—and what you did with that information, including details on any devices or accounts to which you transferred the information;

- List every person or organization with whom you shared pulseData's Confidential Information and how you shared it;

- List all devices and accounts you used to access pulseData's Confidential Information either during or after your employment with pulseData;

- Inform us of when you began performing any services, or began discussions to perform services, for SmarterDx;

- Describe what work you have done for SmarterDx both before and since signing the Separation Agreement with pulseData; and

- Affirm that you will cease and desist from using or sharing any of pulseData's Confidential Information.

pulseData must and will act swiftly and vigorously to protect its intellectual property and trade secrets from disclosure, misappropriation, and misuse. We hope that you decide to cooperate and remediate this situation so that litigation may be avoided.

Please direct your response, through counsel if applicable, to me. Please be further advised that pulseData reserves all its rights and remedies, including, but not limited to, its right to bring suit and to seek monetary damages and equitable relief as authorized by contract or under applicable law. If pulseData is forced to seek judicial resolution of this matter, it will seek preliminary and permanent injunctive relief, along with actual damages, punitive damages, attorney's fees, and court costs.

Regards,

**Steven J. Pacini**

**LATHAM & WATKINS LLP**

200 Clarendon Street

Boston, MA 02116

Direct Dial: +1.617.880.4516

Email: steven.pacini@lw.com

https://www.lw.com



This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

---

[1] The promotion agreement you executed on February 8, 2020 also expressly incorporates the Non-Disclosure Agreement.

**Documentation of Materials Shared.docx**
786K