# EXHIBIT F

**Steven J. Pacini, Esq.**
Direct Dial: (617) 880-4516
steven.pacini@lw.com

200 Clarendon Street
Boston, Massachusetts  02116
Tel: +1.617.948.6000  Fax: +1.617.948.6001
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

**LATHAM & WATKINS LLP**

March 17, 2023

<u>**VIA EMAIL**</u>

Tram Dao, Esq.
Hoffmann & Associates
450 Seventh Avenue, Suite 1400
New York, NY 10123
(212) 679-0400 (phone)
(212) 679-1080 (fax)
Tram.Dao@HoffmannLegal.com

**Re: Jung Hoon Son Proposed Consent Judgment – Confidential Settlement Communication Under FRE 408 and CPLR § 4547**

Dear Tram:

As you may recall, we communicated in December about your client Dr. Jung Hoon Son ("Dr. Jung").  Please confirm that you still represent Dr. Jung and can receive messages on his behalf.  The last time we spoke, pulseData, Inc. ("pulseData") was investigating Dr. Jung's activities preceding his resignation.

Dr. Jung provided pulseData with a "Documentation of Materials Shared" on November 17, 2022, purporting to list all of the pulseData proprietary and confidential information and trade secrets that he shared with SmarterDx, Inc. ("SmarterDx").  Since that date, pulseData's investigation has revealed that Dr. Jung's representations in his "Documentation of Materials Shared" were false and misleading.  In fact, Dr. Jung misappropriated significant trade secrets from pulseData, disclosed them to, and used them to create work product for, a competitor.  That competitor then commercialized the pulseData trade secrets that Dr. Jung misappropriated.  Dr. Jung has caused significant harm to pulseData.

This matter is extremely serious and litigation is now imminent.  pulseData is concerned about its trade secrets being shared, which by itself would justify litigation under the federal Defend Trade Secrets Act ("DTSA") and New York law.  Dr. Jung has also been in contact with pulseData's employees and has defamed its executives.

This matter has progressed beyond the point that could be resolved via a confidential settlement.  To avoid a costly and damaging lawsuit, Dr. Jung will have to agree to stipulate to a consent judgment, as described below.

**LATHAM&WATKINS**LLP

### Dr. Jung Concealed His Misappropriation of pulseData's Trade Secrets

pulseData reached out to Dr. Jung on November 16, 2022. At this time Dr. Jung had a chance to come clean, to fully disclose what information he had taken from pulseData and what he did with it, and to provide a written attestation that he did not retain, and would not use, any of pulseData's confidential information and trade secrets.

Dr. Jung did not do that. Instead, after replying that he "understood" and "will comply fully" with pulseData's requests for information, he sent pulseData a "Documentation of Materials Shared" file that was inaccurate and misleading.

- He wrote, "there is no pulseData codebase downloaded anywhere that I have access to or SmarterDx employees," but just three days before he had uploaded a substantial amount of pulseData's Python code (its ckd_opp_sizing.py file) into SmarterDx's Slack workspace.

- In response to pulseData's question about which of its confidential information and trade secrets Dr. Jung had shared, with whom, and how, he listed only "screenshots of care summaries" and "sample sets of routinely available healthcare data," along with "non-pulseData visualization work." pulseData's investigation has revealed that Dr. Jung uploaded pulseData code directly into SmarterDx's Slack workspace. He also used pulseData's code to create data visualizations for SmarterDx.

- Dr. Jung said that he only shared a limited amount of pulseData's confidential information with Josh Geleris, SmarterDx's co-founder and Head of Product, but pulseData's investigation revealed that Dr. Jung shared a significant volume of information with a wider group of SmarterDx executives and officers, including its CEO Michael Gao. Additionally, Dr. Jung helped SmarterDx create a heatmap based on pulseData's source code, and assisted SmarterDx with a pitch to a prospective pulseData customer using pulseData's own trade secrets.

### Litigation is Imminent and Will Be Seriously Damaging to Dr. Jung

pulseData is preparing to file a complaint on the public docket providing a complete accounting of Dr. Jung's behavior, and will seek both an injunction and damages to the full extent allowed by federal and New York law, including exemplary damages under the DTSA. Because pulseData has real-time records showing Dr. Jung uploading its confidential information and trade secrets to a competitor's work space and databases, and then assisting that competitor's unfair competition with pulseData using pulseData's own trade secrets, it will easily be able to obtain a preliminary injunction against Dr. Jung, compelling him to surrender his devices and cloud accounts for full forensic remediation, and barring him from work that would likely involve use of pulseData's trade secrets.

Following this, pulseData will seek a permanent injunction prohibiting Dr. Jung from unfairly competing with it in the field of patient data visualization and clinical AI utilization. It will also seek substantial damages, including both its lost business opportunities and the fees and

costs it has already incurred investigating and remediating Dr. Jung's misconduct (which are more than $200,000 and will continue to grow if litigation proves necessary).

pulseData will be awarded both its damages and an injunction because Dr. Jung's behavior is a paradigm of trade secret misappropriation under the DTSA, and because Dr. Jung's attempt to cover his tracks and delete the records of his misappropriation show that his conduct with both willful and malicious. The only way for Dr. Jung to avoid litigation is to immediately cooperate and enter into a settlement with pulseData.

## Settlement Proposal

Dr. Jung has already proven willing to lie to pulseData and conceal his malfeasance. pulseData cannot trust that a confidential settlement agreement will suffice to protect its intellectual property and its business from unfair competition. Thus, Dr. Jung must stipulate to a consent judgment.

If Dr. Jung will stipulate to a consent judgment, pulseData will file its lawsuit but will dismiss it as soon as the consent judgment is entered. pulseData will not re-file any action against Dr. Jung for misappropriation of its confidential information and trade secrets as long as he abides by the terms of the consent judgment. This alternative will provide an easy resolution to both parties, assuring pulseData that its confidential information is secure, and allowing Dr. Jung to avoid costly and embarrassing litigation.

I have attached a draft consent judgment to this letter. This judgment will require Dr. Jung to turn over a complete list of every pulseData file and document that he shared with anyone outside of pulseData, including, but not limited to, SmarterDx. It will also require him to sign an affidavit extensively detailing every action he took in violation of his confidentiality agreement with pulseData, including what he did with each file and document he took or shared and what work he created using pulseData's trade secrets. It will require him to cooperate in any litigation against SmarterDx. It will stipulate to a set payment of compensatory damages. Finally, it will include a clause prohibiting Dr. Jung from working in the field of healthcare/medical data analytics and patient data visualization for a period of two years, to ensure he does not use pulseData's information to unfairly compete.

Please acknowledge receipt of this letter no later than March 20, 2023, and inform me of whether Dr. Jung will stipulate to a consent judgment. I am available to confer by phone if necessary.

This letter is not intended to be a complete statement of all the facts and legal arguments in support of pulseData's position. All of pulseData's rights and remedies, that it may now or ever have, including at law or in equity, are retained and reserved without limitation, waiver, or prejudice, including its right to see injunctive relief, compensatory and punitive damages.

LATHAM&WATKINS LLP

Sincerely,

*Steven Pacini*

Steven J. Pacini

cc: Hai Po Sun, CTO, pulseData Inc.

Enclosures